ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

2 4 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

FRED FULTON FRALICK,          §
                             §
        *Plaintiff,*          §
                             §
v.                           §        CIVIL ACTION NO.
                             §
                             §
PLUMBERS & PIPEFITTERS        §        **3-09CV0752-D**
NATIONAL PENSION FUND         §
                             §        3OO7C
        *Defendant.*          §

## PLAINTIFF'S ORIGINAL COMPLAINT

Fred Fulton Fralick ("Plaintiff"), by his attorneys, files this his Original Complaint

against Plumbers & Pipefitters National Pension Fund ("Plan"), Defendant, and upon

information and belief, shows the Court the following:

### I.

### PARTIES

1.      Plaintiff is a participant in the Plan.  Plaintiff is an individual who resides in Hunt

County, Texas.

2.      The Plan is a defined benefit pension plan covering certain employees who are

represented for purposes of collective bargaining by the United Association of

Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("United

Association") or by a United Association Local Union or District Council.  The

Plan is a multiemployer plan as defined in section 3(37) of the Employee

Retirement Income Security Act of 1974, P.L. 93-406, as amended, codified

primarily at 29 U.S.C. § 1001 et seq. ("ERISA"), 29 U.S.C. §1002(37).

3.    A joint Board of Trustees ("Trustees") is the administrator of the Plan.  The

Trustees hire a Fund Administrator who operates the Plan office and oversees the

day-to-day administration of the Plan.  The current Fund Administrator is William

T. Sweeney, Jr.

## II.

## JURISDICTION AND VENUE

4.    This case arises under and is governed by ERISA and the federal common law

developed thereunder.

5.    Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 and 29 U.S.C. §

1132(e)(1).

6.    Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) and

(c) and 29 U.S.C. § 1132(e)(2) in that the violation of ERISA and the applicable

federal common law occurred in this district.

7.    The agent for service of legal process on the Plan is William T. Sweeney Jr., the

Fund Administrator of the Plan, 103 Oronoco Street, Alexandria, Virginia 23314.

8.    A copy of this original complaint is being served on the Secretary of Labor and

the Secretary of the Treasury, each by certified mail, as required by 29 U.S.C. §

1132(h).

## III.

## FACTUAL BACKGROUND

9.    Plaintiff worked in employment covered by the Plan.

10.   In December, 2005, Plaintiff was working for Brandt Engineering, Inc., a Texas

corporation, an employer in the plumbing and pipefitting industry, which was

---

contributing to the Plan.

11.     Plaintiff applied for an Early Retirement Pension.

12.     By letter dated December 23, 2005, the Plan awarded Plaintiff an Early

Retirement Pension effective January 1, 2006, in the amount of $2,623.00 per

month.  See Exhibit A.  All exhibits have been redacted for social security

numbers and street addresses of individuals.

13.     In January 2006, Plaintiff began working for Brandt Electric, L.P., a Texas

limited partnership.  Brandt Electric does no work in the plumbing and pipefitting

industry.  See Exhibit B, Affidavit of Sam Gioldasis and Exhibit C, Affidavit of

Fred Fralick.

14.     Prior to 2006, Plaintiff inquired of the Plan by telephone whether employment by

Brandt Electric would constitute "Disqualifying Employment" under the Plan.  In

response to that inquiry, Plaintiff was informed that employment by Brandt

Electric would not constitute Disqualifying Employment.  See Exhibit D, letter

dated January 19, 2007 from Plaintiff to the Plan.

15.     By letter dated November 28, 2006, Russell Shelton informed the Plan that

Plaintiff was working for Brandt Engineering (emphasis added) in Austin, Texas.

Mr. Shelton did not support such an allegation.  See Exhibit E, letter dated

November 28, 2006, from Russell Shelton to Robert H. Cooke.

16.     In 2006, Plaintiff worked for Brandt Electric, not Brandt Engineering.  See

Exhibit B, especially paragraph 2 of the Affidavit of Sam Gioldasis, and Exhibit

C, especially paragraph 3 of the Affidavit of Fred Fralick.

17.     By letter dated December 6, 2006, the Plan informed Plaintiff that his work for

Brandt Electric constituted Disqualifying Employment, and that Plaintiff's pension would be suspended January 1, 2007.  See Exhibit F, letter dated December 6, 2006 from William T. Sweeney, Jr. to Plaintiff.

18.    Enclosed with the December 23, 2005, letter awarding benefits (Exhibit A) was a Suspension of Benefits Summary.  As to the Plaintiff, the Suspension of benefits Summary refers to "Disqualifying Employment" and section 2530.203-3 of the Department of Labor regulations.  See Exhibit G, Form #53-9/04.

19.    Section 9.07(a)(i)(B) of the Plan defines Disqualifying Employment in relevant part as "(B) Employment with any employer in the same or related business as any Contributing Employer."

20.    In a facsimile with a facsimile crawl dated November 27, 2006, Plaintiff stated, "I have, since that time [January 1, 2006] and at the present, been employed by Brandt Electric in their C.A.D. Department and in Document Control.  I have not worked at the Trade or for a Mechanical Contractor since I retired."  That same facsimile included a letter dated December 14, 2006, from Sam Gioldasis confirming that Plaintiff is an employee of Brandt Electric.  See Exhibit H, facsimile with crawl dated November 27, 2006. (C.A.D. is an acronym for computer-aided design.)

21.    By letter dated December 22, 2006, the Plan terminated Plaintiff's pension benefits effective January 1, 2007, and sought the return of $31,476.00.  See Exhibit I, letter dated December 22, 2006 from William T. Sweeney, Jr. to Plaintiff.

22.    The letter dated December 22, 2006 (Exhibit I), makes the statement, unsupported

in the administrative record, that "the <u>electrical</u> contracting company would be having these individuals perform <u>mechanical</u> CAD work… (Emphasis added)."

23.   By letter dated January 19, 2007, Plaintiff appealed the termination of his benefits.  See Exhibit D.

24.   By letter dated February 27, 2007, Sam Gioldasis, President, Brandt Electric, wrote to the Plan stating in part, "Brandt Electric is an Electrical Contractor.  We are a completely separate company from Brandt Engineering.

"We do no plumbing, pipefitting or mechanical work.  We have our own detailing department and they do only electrical drawings." See Exhibit J, letter dated February 27, 2007 from Sam Gioldasis to the Plan.

25.   The appeals committee meeting March 14-15, 2007, contrary to any evidence in the administrative record, stated (page 3), "The electrical contracting company [Brandt Electric] has individuals that perform mechanical CAD work." See Exhibit K, Minutes of Appeals Committee Meeting, March 14-15, 2007, Fred Fralick (without Addenda).

26.   By letter dated March 19, 2007, the denial of his appeal was reported to Plaintiff. That letter stated in part, "Brandt Electric is a sister company to Brandt Engineering.  Brandt Engineering is a National Pension Fund Contributing Employer.  You [Plaintiff] are employed by Brandt Electric, which is Disqualifying Employment since such work is for an employer in a related business as a Contributing Employer."   The letter does not define, implicitly or explicitly, the term "sister company".  The statement in the letter regarding related businesses represents a suspension of benefits beyond what is permitted by ERISA

and its regulations.  For the letter, see Exhibit L, letter dated March 19, 2007, from

William T. Sweeney, Jr. to Plaintiff.

27.     In response to the letter (Exhibit L) reporting the result of the March, 2007,

appeals meeting (see Exhibit K), Plaintiff answered, "Brandt Electric has never

requested that I do any mechanical drawings, since they do no mechanical work,

or any other work, that is related to the Plumbing and Pipefitting Industry."  See

Exhibit O, letter dated March 30 2007, from Plaintiff to the Plan.

28.     The letter dated December 6, 2006 (Exhibit F), states in part, "For your

information, enclosed is a copy of the Notice to all Pensioners providing a

Summary of the Plan Provisions on Suspension of Benefits (Form #53)[Exhibit

G].  These rules are subject to Department on Labor Regulation, 2530.203-3, Title

29(Code of Federal Regulations) [emphasis added]."

29.     Form #53, Exhibit G, provides in relevant part, "In accordance with …Section

2530.203-3 of the Department of Labor regulations, **payment of your pension**

**will continue for only as long as you…do not return to work** in the plumbing

and pipefitting industry (first emphasis in original; second added).

30.     Section 203(a)(3)(B)(ii) of ERISA, 29 U.S.C. §1053(a)(3)(B)(ii), permits a

multiemployer plan to suspend benefits when an employee is employed "in the

same industry, in the same trade or craft, and the same geographical area covered

by the plan…"  Regulation section 2530.203-3(c)(2)(i), 29 C.F.R. §2530.203-

3(c)(2)(i), defines industry as "The term industry means the business activities of

the types engaged in by any employers maintaining the plan."  The Plan covers

employers in the plumbing and pipefitting industry, not the electrical contracting

industry.  Cf. also Form #53, Exhibit G.

31.     The industry for the Plan is the plumbing and pipefitting industry.  The summary

plan description, SPD, for the Plan reads in part, in XIII. Working After

Retirement-Suspension of Benefits, "When you retire from the trade in the

plumbing and pipefitting industry you can work in other industries and continue

to receive your pension." (emphasis added).

32.     The plumbing and pipefitting industry as the prescribed industry is emphasized in

the Retirement Declaration signed by Plaintiff and dated December 2, 2005.  His

last day worked in the [plumbing and pipefitting] industry is December 30, 2005.

The Retirement Declaration, Form #1-4/01, reads in part:

> "I declare that, as a result of my retirement, I have or will have separated
> from service with all employment in the plumbing and pipefitting industry
> on the date stated below, and that I have not been engaged in any
> employment in the plumbing and pipefitting industry since that date.  I
> also declare that I am no longer actively involved in any way in the day-
> to-day affairs of any business in the plumbing and pipefitting industry in
> which I have or have had an ownership interest."  See Exhibit M,
> Retirement Declaration.

33.     By letter dated September 4, 2007, an attorney for Plaintiff applied for a rehearing

of Plaintiff's appeal.  The attorney emphasized the separate existence of Brandt

Electric from Brandt Engineering.  The attorney also recalled Plaintiff's

detrimental reliance on the advice of Mr. Cooke, the person whom Plaintiff was

directed to address.  See Exhibit N, letter dated September 4, 2007 from Eric A.

Jacocks to the Plan.  The Plan should be equitably stopped from suspending

Plaintiff's benefits.

34.     In fact, in his appeal letter dated January 19, 2007 (Exhibit D), Plaintiff had

already informed the Plan of his reliance on Mr. Cooke, " Mr. Cook[e] advised

me that working for a 'NON UNION' electrical contractor in their C.A.D.

department would not be disqualifying employment."

35. In his letter dated March 30, 2007 (Exhibit O), Plaintiff reiterated his reliance on

his conversation with Mr. Cook[e]:

> "In response to your determination under Section 9.06 after speaking with
> Mr. Cook [sic] of the National Pension Fund before I retired, taking the
> position I was offered with a "NON Union Electrical Contractor" would
> not be considered to be Disqualifying Employment as set forth in Section
> 9.07."

36. In his affidavit dated August 28, 2007 (Exhibit C), Plaintiff stated, "I was

informed by Mr. Cooke that, 'he could see no reason why working for a non-

union electrical contractor would constitute Disqualifying Employment.' "

37. In his affidavit dated August 28, 2007, Plaintiff further related his reliance on the

statement that electrical contracting work would not be Disqualifying

Employment, "In reliance of my conversation with Mr. Cooke, an agent of the

Fund, I worked for Brandt Electric."

38. By letter dated December 20, 2007, the Plan upheld the revocation of benefits for

Plaintiff. That letter, in part, concluded that work for Brandt Electric is work in a

related business as a Contributing Employer, such as Brandt Engineering. The

Plan conflates "related business" with "related employer". See Exhibit P, letter

dated December 20, 2007, from William T. Sweeney, Jr. to Eric Jacocks.

39. The letter (Exhibit P) also states for the first time that Plaintiff is not "Retired" as

defined in Section 9.06 of the Plan. Without giving Plaintiff an opportunity to

respond, the Trustees abused their discretion.

40. By letter dated October 4, 2007, William T. Sweeney, Jr. informed Eric Jacocks

that the Appeals Committee of the Board of Trustees did not make a decision on the appeal at their meeting scheduled for October 2 and 3, 2007. See Exhibit Q, letter dated October 4, 2007, from William T. Sweeney, Jr. to Eric Jacocks.

41.     By letter dated February 12, 2008, another attorney for Plaintiff requested a rehearing of the upholding of the denial (suspension) of benefits for Plaintiff. In that letter, the attorney requested copies of the Advisors' Recommendation in the March 14-15, 2007, Appeals Committee Meeting (Exhibit K) including any preliminary, draft, provisional, and final opinions. No such opinions were provided. See Exhibit R, letter dated February 12, 2008, from J. M. Klancnik to the Plan.

42.     By letter dated September 5, 2008, Plaintiff's attorney supplemented his letter dated February 12, 2008. The letter reiterated the request for the Advisors' Recommendation identified in the March 14-15, 2007 meeting. The letter also requested the Advisors' Recommendation along with preliminary, draft, provisional, and final opinions identified in the minutes for the October 2-3, 2007, Appeals Committee meeting with respect to Plaintiff. See Exhibit S, letter dated September 5, 2008, from J.M. Klancnik to the Plan.

43.     By Plaintiff's attorney's citing case authority (see Exhibit R), for the non-privileged nature of Advisors' Recommendation, the Plan was on notice that the Advisors' Recommendation in each of the March, 2007, and October, 2007, meetings was not privileged.

44.     The appeals committee meeting December 8, 2008, referred to Advisors' Recommendation. No such recommendation was appended to the minutes

---

provided to the Plaintiff.  See Exhibt T, Minutes of Appeals Committee Meeting
December 8, 2008, Fred Fralick (without Addends).

45.   By interpreting section 9.07(a)(i)(B) of the plan contrary to section
203(a)(3)(B)(ii) of ERISA, 29 U.S.C. §1053(a)(3)(B)(ii), and its interpreting
regulation, 29 C.F.R. § 2530.203-3(c)(2), expansively, the Trustees were arbitrary
and capricious.

46.   By letter dated December 15, 2008, William T. Sweeney, Jr. reported that the
Trustees of the Plan upheld the March and October 2007 appeal determinations.
See Exhibit U, letter dated December 15, 2008, from William T. Sweeney, Jr. to
J.M. Klancnik.

47.   In the letter dated December 6, 2006 (Exhibit F), the Fund Administrator stated
that the Plan was informed that Plaintiff was working for Brandt Engineering and
that benefits would be suspended effective January 1, 2007.  Plaintiff responded
in effect that he was not engaged in section 203(a)(3)(B) service.  See Exhibits
B,C, and I.  Service with Brandt Electric does not constitute section 203(a)(3)(B)
service with respect to the Plan.  Having provided the necessary certificate and
information, Plaintiff was entitled to have the withheld payments forwarded to
him.  Cf. 29 C.F.R. § 2530.203-3(b)(5).

48.   A plan administrator has the duty to act in the best interests of plan participants
and beneficiaries.  See U.S.C. § 1104(a)(1)(A)(i).

49.   Plaintiff has exhausted his administrative remedies.

## IV.

### COUNT ONE: BREACH OF FIDUCIARY DUTIES

50.     The action of the Trustees of Defendant Plan has breached the fiduciary duties to

Mr. Fralick in that the Plan wrongfully suspended Plaintiff's benefits effective

January 1, 2007.

## V.

### COUNT TWO: CLAIM FOR BENEFITS

51.     The Plan, by its employees, caused Plaintiff detrimentally to rely on advice that

working in the electrical industry would not cause a suspension of benefits.

52.     The Plan must restore Plaintiff's benefits in the amount of $2,623.00 per month

effective beginning January 1, 2007.

53.     The Plan must abate collection attempts for $31,476.00, for benefits received by

Plaintiff in 2006.

## VI.

### COUNT THREE: EQUITABLE ESTOPPEL

54.     Mr. Cooke, a representative of the Plan, advised Plaintiff that C.A.D. work for an

non-union electrical contractor would not be "disqualifying employment."

55.     Plaintiff relied on Mr. Cooke's representation to accept employment with an

electrical contractor which does no mechanical or plumbing and pipefitting work.

56.     The Plan should be equitably estopped from suspending Plaintiff's benefits.

## VII.

### COUNT FOUR: ATTORNEY FEES

57.     ERISA permits a participant to receive its reasonable attorney fees, ERISA §

502(g)(1), 29 U.S.C. §1132(g)(1).

58.     Mr. Fralick found it necessary to employ counsel to enforce his rights.

59.     Mr. Fralick is entitled to his reasonable attorney fees.

## VIII.

## PRAYER

Mr. Fralick requests this Court to:

a)     Find that the Plan, through the Plan administrator and Trustees, breached its

        fiduciary duties to Mr. Fralick.

b)     Direct the Plan to pay to Mr. Fralick $2,623.00 per month nunc pro tunc as of

        January 1, 2007.

c)     Direct the Plan to abate collection efforts for $31,476.00 from Mr. Fralick.

d)     Direct the Plan to pay prejudgment and post-judgment interest.

e)     Require the Plan to pay Plaintiff his attorney fees.

f)     Require the Plan to pay all costs of this action.

Respectfully submitted,

David Stanley Jones, Esq.
State Bar No. 10869800
LAW OFFICES OF DAVID S. JONES
10733 Cromwell Dr.
Dallas, Texas 75229
Telephone and fax: (214) 365-9455
Email: dsjlaw@sbcglobal.net

James M. Klancnik
Texas Bar No. 11550500
5956 Sherry Lane, Suite 1000
Dallas, Texas 75225-8021
Telephone (214) 346-2960

ATTORNEYS FOR PLAINTIFF

TABLE OF EXHIBITS

| Exhibit | Date | Description |
|---|---|---|
| A. | 12-23-05 | Letter from Plan to Plaintiff |
| B. | 8-28-07 | Affidavit of Sam Gioldasis |
| C. | 8-28-07 | Affidavit of Fred Fralick |
| D. | 1-19-07 | Appeal of Plaintiff to the Plan |
| E. | 11-28-06 | Letter from Russell Shelton to Robert H. Cooke |
| F. | 12-6-06 | Letter from William T. Sweeney Jr. to Plaintiff |
| G. | | Form #53-9/04 |
| H. | | Facsimile with crawl dated November 27, 2006 |
| I. | 12-22-06 | Letter from William T. Sweeney, Jr. to Plaintiff |
| J. | 2-27-07 | Letter from Sam Gioldasis to the Plan |
| K. | 3-14/15-07 | Minutes of Appeals Committee Meeting, Fred Fralick (without Addenda) |
| L. | 3-19-07 | Letter from William T. Sweeney, Jr. to Plaintiff |
| M. | 12-2-05 | Retirement Declaration, Form #1-4/01 |
| N. | 9-4-07 | Letter from Eric A. Jacocks to the Plan (ithout enclosures) |
| O. | 3-30-07 | Letter from Plaintiff to the Plan |
| P. | 12-20-07 | Letter from William T. Sweeney, Jr. to Eric Jacocks |
| Q. | 10-4-07 | Letter from William T. Sweeney, Jr. to Eric Jacocks |
| R. | 2-12-08 | Letter from J. M. Klancnik to the Plan |

| S. | 9-5-08 | Letter from J.M. Klancnik to the Plan |
| T. | 12-8-08 | Minutes of Appeals Committee Meeting, Fred Fralick (without Addenda) |
| U. | 12-15-08 | Letter from William T. Sweeney, Jr. to J.M. Klancnik |

Note: Social security numbers, account numbers, and street addresses have been redacted in the Exhibits.

# PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

December 23, 2005

Participant Information:
Social Security #■■■■■-6262
Local Union #100

Fred Fulton Fralick
■■■■■■■■■■■■■■■
Royse City, TX 75189-5245

Dear Mr. Fralick:

Thank you for submitting your retirement documents that were received in the Fund Office on December 6, 2005.

The Effective Date of Benefits for your Early Retirement Pension has been established as January 1, 2006, since your last day of work in the industry will be December 30, 2005 as indicated on your Retirement Declaration Form. Federal regulations require that your Effective Date of Benefits be established as the first of the month following the date your completed Application for Benefits form is received, or the first day of the month following the month that the Participant is not working under covered employment, whichever is the later.

Since you have rejected the 50% Husband and Wife Pension, and elected to receive your benefit in the form of the Single Life Pension with 5-Years Certain Payments, your monthly benefit amount will be $2,623.00. Your monthly benefit is payable for your lifetime. If you should die prior to receiving 60 monthly payments, your beneficiary will receive any remaining benefits until a total of 60 monthly payments in all have been paid to you and your beneficiary. Therefore, the only Survivor Benefit now payable on your behalf will expire with the December 2010 payment. Our records indicate that Patricia Ann Fralick is your designated beneficiary.

Since you and your spouse, Patricia Ann Fralick, have rejected the 50% Husband and Wife Pension, you may not change your beneficiary designation unless your spouse consents. Therefore, should you decide to change your beneficiary designation, you must contact the Fund Office to obtain the appropriate forms.

On the federal tax withholding Form W-4P you submitted, you checked Married with two exemptions. The Fund Office will withhold taxes on this basis from your monthly benefit using the year 2006 federal tax withholding tables.

Your first benefit check in the gross amount of $2,623.00 (less federal taxes or withholdings, if applicable), will be mailed to you on or about January 1, 2006. All future checks will be mailed on or about the first business day of each month. Enclosed for your reference is a copy of the Pension Benefit Payment Guide (#96).



EXHIBIT

A

# PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

REPRINT OF
ORIGINAL

Fred Fulton Fralick
Re:  Soc. Sec. #███████-6262
December 23, 2005
Page 2

Enclosed is the Authorization for Direct Deposit Form that you requested during your telephone call to the Fund Office on December 12, 2005.  Please complete the form in its entirety, and return it to the Fund Office as soon as possible.

You should be aware that in accordance with the Plan Rules, you are not entitled to receive benefits in any month in which you work in disqualifying employment.  Enclosed for your reference are the rules pertaining to work in disqualifying employment.  Should you decide to continue to work beyond January 1, 2006 you should notify the Fund Office immediately in order that we may stop the issuance of your first benefit check.

It is important that you inform the Fund Office of any change in your mailing address, even if your pension benefit is directly deposited into your bank account.  The Fund Office must forward federal tax information to benefit recipients in January of each year.  There are other occasions when the Fund Office is required to inform you of important information about your benefit.  Failure to keep the Fund Office advised of your current address may result in the suspension of your monthly pension benefit until documentation of your current address is obtained.

If you have any questions, please contact the Fund Office at 1-800-638-7442.

Sincerely,

William T. Sweeney, Jr.
Administrator for the Trustees


PRCD/heh


Enclosures:    Authorization for Direct Deposit Form (#61)
               Pension Benefit Payment Guide (#96)
               Return Envelope
               Suspension of Benefits Summary

(FAX)4694020461

Addendum BB3

## AFFIDAVIT OF SAM GIOLDASIS

1.      "My name is Sam Gioldasis I am over the age of twenty-one (21) years. I am of sound mind and fully competent to testify to the matters set forth herein. The facts contained in this Affidavit are true and correct, and are based on my actual involvement in the events described herein. Thus, I have personal knowledge of the facts stated herein."

2.      I am President of Brandt Electric and do not work in any capacity for Brandt Engineering, Inc. Fred Fralick worked for Brandt Electric beginning near the end of 2005 and continued working for Brandt Electric through 2006. He has worked as an on-site safety man for Brandt Electric and has been paid by Brandt Electric at all times for his services.

3.      As my February 27, 2007 letter to the Plumbers and Pipefitters National Pension Fund (the "Fund") indicated, Brandt Electric is a separate entity from Brandt Engineering. In fact, there are different registered agents, directors and officers for the two companies. Further, Brandt Engineering is a Texas corporation while Brandt Electric is a Texas limited partnership.

4.      Brandt Electric provides electrical engineering services and does not provide any mechanical engineering services. Brandt Electric does do C.A.D. work with respect to electrical engineering services; however, Brandt Electric does no mechanical engineering C.A.D. work. Brandt Electric has worked on projects with numerous mechanical engineering companies, including Brandt Engineering, Inc. Brandt Electric is not required to work on projects with Brandt Engineering, Inc. or limited in any way by Brandt Engineering, Inc. because Brand Electric is an independent company from Brandt Engineering, Inc.

5.      I make these statements at the request of Fred Fralick and agree with Mr. Fralick that Brandt Electric should not be considered to be related to Brandt Engineering with respect to the type of work that is performed by the companies.

Sam Gioldasis

AFFIDAVIT OF SAM GIOLDASIS                                                    PAGE 1

EXHIBIT

B

Subscribed to and sworn to before me on this $28$ day of _August_____, 2007, to certify which witness my hand and official seal.



_Amanda L. Lue_
Notary Public in and for
The State of Texas

My Commission Expires:

9/15/2010

K:\Kevin\70336 Fralick\PLE\Affidavit Sam Gioldasis.wpd

(FAX)4694020461           Addendum BB2

### AFFIDAVIT OF FRED FRALICK

1.      "My name is Fred Fralick I am over the age of twenty-one (21) years. I am of sound mind and fully competent to testify to the matters set forth herein. The facts contained in this Affidavit are true and correct, and are based on my actual involvement in the events described herein. Thus, I have personal knowledge of the facts stated herein."

2.      I retired from my work at the Local #100 in December 2005 and began receiving my retirement benefits on January 1, 2006. My benefits were suspended January 1, 2007 when the Plumbers and Pipefitters National Pension Fund (the "Fund") was informed that I worked for Brandt Engineering, Inc. The Fund has requested I pay back the funds that were payed out for the twelve (12) months of 2006.

3.      I was never employed by Brandt Engineering, Inc. I did, however, work for Brandt Electric. Before working with Brandt Electric, I contacted the Fund to inquire about the effect of my working for Brandt Electric. I was informed by Mr. Cooke that, "he could see no reason why working for a non-union electrical contractor would constitute Disqualifying Employment." In reliance of my conversation with Mr. Cooke, an agent of the Fund, I worked for Brandt Electric. I was paid only by Brandt Electric and at no time was paid by Brandt Engineering.

4.      I requested that the Fund's determination that I was engaged in Disqualifying Employment by working through a Contributing Employer be appealed. The appeal was heard and ruled upon during the Fund's March 14-15, 2007 meeting. The Appeals Committee upheld the Fund's determination and I was ordered to repay the benefits I received. I have requested the appeal be reheard and have at all times made every effort to comply with the terms of the Fund's pension plan and the Fund's procedures.

5.      I am having the appeal reheard because the determinations of the Appeals Committee are incorrect. Brandt Electric is a separate and distinct company from Brandt Engineering, Inc. Brandt Electric does no mechanical engineering work and only provides electrical engineering services. In fact, I have been present at jobs when Brandt Electric provided the electrical engineering services and companies other than Brandt Engineering, Inc. have provided the mechanical engineering services.

6.      I believe the findings of the Appeals Committee ignore the fact that I worked for a company separate from a Contributing Member that did not provide any similar or related work to a Contributing Member of the Fund.

Fred Fralick



EXHIBIT

C

(FAX)4694020461          P.006/034

Subscribed to and sworn to before me on this _28_ day of _August_____, 2007, to certify which witness my hand and official seal.



_Amanda K Lue_

Notary Public in and for
The State of Texas

My Commission Expires:

_9/15/2010_

K:\Kevin\70336 Fralick\PLE\Affidavit Fred Fralick.wpd

AFFIDAVIT OF FRED FRALICK

PAGE 2

Addendum B1

# Fred Fralick

Royce City, TX 75189-5245
214-287-4876

Participant Information
Social Security #PPNPF6262
Local Union #100

January 19, 2007

VIA Certified Mail # 7003 1680 00043343 3416
Plumbers & Pipefitters National Pension Fund
103 Oronoco Street
Alexandria, Virginia 22314-2047
Attention: Mr. William T. Sweeny Jr.

Re:   Determination Letter Dated December 22, 2006
      Termination of Retirement Benefits
      Notice to Appeal

Dear Mr. Sweeny:

The following is in response to your letter of December 22, 2006, regarding the determination of the "Fund" to terminate my Early Retirement Pension effective January 1, 2006.

I am exercising my right to appeal this determination and I am requesting a review by the Board of Trustees at their next meeting. I am also requesting that the Fund provide me copies of all documents, records and other information the Fund has that are relevant to my case, free of charge, as stated in your letter of December 22, 2006. My position is as follows:

I have been a member of Local Union 100 since, 1968. In 2005 I decided to take an early retirement at the age of 57. The pension cap is thirty five years, and I had already put in thirty eight years. I took almost a 20% cut, in my pension.

Prior to making my decision I contacted Jack Pennington, Business Manager of Local 100, Vice President, of the United Association, to determine what kind of employment, I would be able to take, that would not be in violation of the Plan Rules and Regulations and not disqualify my pension. Mr. Pennington advised me to contact Mr. Cook of the National Pension Fund (703) 739-9020 regarding this matter. I called Mr. Cook and I had a lengthy conversation about possible employment. Mr. Cook advised me that working for a "NON UNION" electrical contractor in their C.A.D. department would not be disqualifying employment.

RECEIVED PPNPF   JAN 2 2 2007



EXHIBIT

D

# Fred Fralick

Royce City, TX 75189-5245
214-287-4876

After speaking with Mr. Cook, I stopped working for "Brandt Engineering", in December, of 2005. I went to work for "Brandt Electric" at the end, of the same month and enrolled in the company 401 K plan.

From January, of 2006, until November, of 2006, my position with Brandt Electric was on site Safety, at their T.C.U. job site. In November, I was asked by Brandt Electric to go to Samsung in Austin, to help with document control. Since the position would consist of document control and have nothing to do with anything covered under the U.A. Pension fund, I saw nothing wrong with doing this.

Brandt Electric has never requested that I do any mechanical drawings, since they do no mechanical work, or any other work, that is related to the Plumbing and Pipefitting industry.

In response to your determination under Section 9.06 after speaking with Mr. Cook of the National Pension Fund taking the position I was offered with Brandt Electric would not be considered to be Disqualifying Employment as set forth in Section 9.07.

In response to your determination under Section 9.07 (a) (i) of the Plan Rules and Regulations:

(a)   Brandt Electric is not, a contributing employer, to the, Plumbers & Pipefitters NPF.

(b)   Brandt Electric is a "NON UNION" electrical contractor, which means; they do "NO" work, the same as, or related to, any contributing member.

(c)   I am not, self employed, and I do "NO" business in the same or related business to a contributing employer.

(d)   As far as I know, "NON UNION" electrical contractors are not under the jurisdiction of the union.

(e)   As far as I know Brandt Electric is not a party by virtue of a written document with the Union or any Fund or program to which the Union is a party.

I am requesting that the following:

1.   Written confirmation from the Fund that they have received my letter and acknowledgment of my notice to appeal.

RECEIVED PPNPF   JAN 2 2 2007

## Fred Fralick

Royce City, TX 75189-5245
214-287-4876

2. Written notice of the date, time and place when the Board of Trustees will review my appeal.

3. Copies of all documents, records, and any other information the Fund has that is relevant to my case.

4. A complete list of what type of companies and what type of work would not be considered a disqualification under the plan rules.

In closing, I would also like to say, that I think, it is a shame, that with the shortage, of qualified mechanics, local union members such as I, who have maxed out their pensions, are not allowed to retire, and if they so choose and are able, work for, and help a union contractor.

If you have any questions you can reach me at 214 287 4876.

Sincerely,

*Fred Fralick*

Fred F. Fralick
Local Union 100
Card #

RECEIVED PPNPF   JAN 2 2 2007

11/28/2006  12:37  5123050232          LOCAL  286          Addendum A2

PAGE  01/01



**UNITED ASSOCIATION**
of Journeymen and Apprentices of the
Plumbing and Pipe Fitting Industry of
the United States and Canada

William P. Hite
*General President*

Patrick R. Perno
*General Secretary-Treasurer*

Stephen P. Kelly
*Assistant General President*

Founded 1889

Letters should
be confined to
one subject

UA Local Union    286

Subject

814 Airport Blvd.
Austin, Texas 78702
November 28, 2006

Mr. Robert H. Cooks
Plumbers & Pipefitters
National Pension Fund
103 Oronoco St.
Alexandria, VA 22314-2047


Dear Bob:

It has been brought to my attention that Brother Fred Fralick, Social Security No. ████████ 6262, a retired member of Local 100, Dallas, Texas is currently employed by Brandt Engineering in Austin, Texas.  Brother Fralick has not requested a waiver of suspension of benefits as he is an early retiree, therefore not eligible to receive a waiver.

If you have any further questions concerning this matter, please do not hesitate to contact my office at (512)385-0002.

Respectfully,

*R.C. Shelton*

Russell "Corby" Shelton
Business Manager
Local Union 286
Austin, Texas

**EXHIBIT**

**E**

Addendum A3

# PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

December 6, 2006

Participant Information:
Social Security #PPNPF6262
Local Union #100

Fred Fulton Fralick
~~███████████████~~
Royse City, TX 75189-5245

Dear Mr. Fralick:

We have received notification that you are currently working at the trade with Brandt Engineering in Austin, TX.  As outlined in Section 9.07(d)(ii), a pensioner shall notify the Plan in writing within 30 days after starting work of any type.  Therefore, we have suspended your benefits effective January 1, 2007.

For your information, enclosed is a copy of the Notice to all Pensioners providing a Summary of the Plan Provisions on Suspension of Benefits (Form #53).  These rules are subject to Department of Labor Regulation, 2530.203-3, Title 29 (Code of Federal Regulations).

Since you have not yet attained the normal retirement age of 65 and did not notify this office that you were working, you are subject to both the six month suspension outlined in Section 9.07(a)(ii) and the additional six month suspension outlined in Section 9.07(d)(ii) of the Plan rules.

We will presume that you are continuing to work to an extent that disqualifies you from pension benefits, until you notify us to the contrary.  You should use the enclosed Resumption of Benefits Notice to notify the Fund Office when you have ceased working.

According to our records, you returned to work in November 2006, thus you have received two monthly payments, each in the amount of $2,623.00 less $148.85 withheld for federal income taxes, which you were not entitled.  Please send us your personal check for the net amount of $4,948.30 as reimbursement for the overpayment you have received.  If reimbursement is not received prior to December 20th of the current year, the amount of your overpayment will increase to $5,246.00, which includes the monies withheld for federal income taxes.

If you disagree with this determination, you have the right to request a review by the Board of Trustees within 180 days from the date of this letter.  Your written appeal should be addressed to the National Pension Fund explaining why you disagree with the Fund Office and including any new information or documents to support your position.  You will be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information the Fund has that is relevant to your case.  The Board of Trustees will normally review your appeal at their next meeting provided it is received at least 30 days before the meeting.  You will be notified of their decision in writing.  You have the right, following an adverse determination on review, to bring civil action under Section 502(a) of ERISA.



EXHIBIT

F

# PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

Fred Fulton Fralick
Re: Soc. Sec. #PPNPF6262
December 6, 2006
Page 2


If you have any questions, please contact the Fund Office at 1-800-638-7442.

Sincerely,

William T. Sweeney, Jr.
Administrator for the Trustees

/tnm

Enclosures:   Return Envelope
              Suspension of Benefits Summary
              Resumption of Benefits

cc:   Russell C. Shelton, Business Manager, Local Union #286

PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND   REPRINT OF
ORIGINAL

Form #53-9/04

## PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND
### SUMMARY OF THE PLAN PROVISIONS ON
### RECOVERY FROM DISABILITY, TERMINATION OF BENEFITS AND RE-EMPLOYMENT

In accordance with Article 4 of the Plan, **payment of your Disability Pension will continue for only as long as you remain entitled to a Social Security Disability Benefit and do not return to work,** including on a trial work basis. The Fund may, at any time require evidence of your continued entitlement to a Social Security Disability Benefit.

Payment of your Disability Pension **will be discontinued upon notice from the Social Security Administration that you are no longer entitled to a Social Security Benefit,** unless you formally appeal to the Social Security Administration their determination and provide medical proof satisfactory to the Trustees that your appeal is being made in good faith. **Payment of your Disability Pension will be discontinued if you return to work.**

Continued payment of your Disability Pension during your appeal to the Social Security Administration will cease upon the passage of an 18 month period, your return to work, your withdrawal of your appeal to the Social Security Administration, or a decision on your appeal by an Administrative Law Judge upholding the loss of your eligibility for Social Security benefits.

**If you return to work** in the plumbing and pipefitting industry, the Fund will presume that you have recovered from your disability **and will terminate your Disability Pension** effective with the month in which you return to work. If you return to work on a Social Security Administration Authorized Trial Work Release, your Disability Pension will be suspended during the trial work period. In order to reinstate your Disability Pension after the trial work period, you must provide verification that you are still entitled to a Social Security Benefit.

**You must notify the Fund in writing within 21 days of your loss of Social Security eligibility, your return to work, the withdrawal of your appeal, or an unfavorable decision by an Administrative Law Judge.**

**Failure to provide such written notice within 21 days will,** upon your subsequent Retirement, **result in a temporary loss of eligibility for benefits** following the date of your Retirement for a period equal

to six months plus the number of months you erroneously received monthly benefits under this Plan. The six-month loss of eligibility will not, however, result in the withholding of benefits for any month following your attainment of Normal Retirement Age (age 65).

If you receive notification from the Fund, which you believe to be in error, that your Disability Benefit has been terminated and that your eligibility for benefits has been deferred for a specified period of months following your retirement, you may make a **written appeal** requesting that the Trustees review this action. Your appeal must be made **within 180 days** after you are notified of this termination.

If you should lose your entitlement to a Social Security Benefit you may again return to Covered Employment and resume the accrual of Pension Credit and be entitled to a Normal, Reduced, Early Retirement, Deferred or Vested Pension. The amount of your pension will be determined in accordance with the separation provisions of Section 4.20 of the Plan, the amount of your future pension will be determined on the basis of the value of your accrued benefit prior to your Disability separation, plus the value of your accrued benefit upon your return to work, but otherwise unaffected by the prior receipt of a Disability Pension.

If you retain your entitlement to a Social Security Benefit until you attain age 65, **upon reaching age 65 you will become a regular pensioner and your benefits will continue** thereafter regardless of whether or not you remain entitled to a Social Security Disability Benefit. If, after attaining age 65, you return to work in the plumbing and pipefitting industry, your pension benefits will be suspended in accordance with the provisions of Section 9.07 (b) of the Plan regarding the suspension of benefits due to a return to work in Disqualifying Employment (see reverse side).

**(Regular Pension Plan Provisions on Page 2)**

Page 1



### PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND
### SUMMARY OF THE PLAN PROVISIONS ON
### SUSPENSION OF BENEFITS DUE TO A RETURN TO WORK

In accordance with Section 9.07 of the Plan and Section 2530.203-3 of the Department of Labor regulations, payment of your pension will continue for only as long as you remain Retired and do not return to work in the plumbing and pipefitting industry. The Fund may, at any time require evidence of your continued entitlement to a pension benefit.

**Payment of your pension will be suspended for the period of time in which you return to work in Disqualifying Employment in the plumbing and pipefitting industry, plus an additional six months.** However, if you return to work **after reaching Normal Retirement Age (age 65)**, payment of your pension **will be suspended only for those months in which you work for 40 or more hours.**

Disqualifying Employment **before** age 65–
- work for any Contributing Employer or any employer in the same or related business,
- self-employment in the same or related business as any Contributing Employer,
- employment or self-employment in any business which is under the jurisdiction of the Union, or
- employment with the Union or any Fund or program to which the Union is a party.

Disqualifying Employment **after** age 65–
- employment or self-employment in the plumbing and pipefitting industry,
- employment or self-employment in any occupation covered by the Plan, and
- employment or self-employment in any area of the United States in which contributions are required to be made by or on behalf of any employer, which includes almost the entire country.

In accordance with the provisions of the Tax Reform Act of 1986, your monthly benefit is not subject to suspension as of the April 1st following the Calendar Year in which you attain age 70 1/2, regardless of whether or not you continue working in Disqualifying Employment. If you reach age 70 1/2 at any time during a Calendar Year and continue to work, your monthly benefits will be reinstated as of April 1 of the following year, and your monthly benefit will be adjusted for the additional credit you earned through the prior Calendar Year. If you continue to work thereafter, your monthly benefit will be annually reviewed for any adjustment due based on the additional credit, which will be effective the following January and begin with your payment in March.

**Prior to attaining age 70 1/2, you must notify the Fund in writing within 30 days of your return to work. If you fail to give such notice, the Fund will presume that you have worked and are continuing to work at least 40 hours each month until you give notice that you have ceased working in Disqualifying Employment.**

You have the right to overcome this presumption by establishing that the work being performed was not or is not in fact an appropriate basis, under the Plan, for suspension of your benefits. Furthermore, if you have not reached Normal Retirement Age upon your subsequent reretirement, **your failure to notify the Fund of your return to work will result in an additional six-month suspension of benefits.**

When you stop working and want to retire again, you must notify the Fund in writing. Failure to give such notice will delay the resumption of payment of your benefit. Payment will resume after the last month for which benefits were suspended or the month following receipt of notice, whichever is later. Unless reimbursement was made to the Fund at the time you returned to work, any overpayment you received resulting from your return to Disqualifying Employment will be withheld in full from your payments upon reretirement. If you have reached Normal Retirement Age upon reretirement, your first payment will be withheld in full (for a period not to exceed three months), and thereafter 25% will be withheld each month until the total overpayment has been recovered.

If your initial pension was calculated with an Early Retirement age reduction, the monthly amount of your pension when resumed after your suspension will be recalculated based on your age when your benefit is resumed, reduced by the months for which you previously received benefits, plus the months your benefits were suspended and would have been suspended had you attained Normal Retirement Age. If you earn additional pension credit during your return to work, your benefit will be recalculated to include the additional credit you earned during your suspension in accordance with the provisions of the Plan at the time of your reretirement. If your original Effective Date was before you reached Normal Retirement Age, any additional benefits accrued during your suspension will be treated as a separate benefit. When you re-retire you will be provided with election forms to select the form of payment for this separate benefit. If your original Effective Date was after you reached Normal Retirement Age, the additional benefits accrued during your suspension will be added to your previous pension and made in the same form of payment for survivor benefits as previously elected. You will not have election forms to complete for this additional benefit.

If you receive notification from the Fund, which you believe to be in error, that your pension benefit has been suspended and will continue to be suspended for a specified period of months following your reretirement, you may make a **written appeal** requesting that the Trustees review this action. Your appeal must be made within 180 days after you are notified of this suspension.

**(Disability Pension Plan Provisions on Page 1)**

Page 2



 -6262

To Whom It May Concern:In regards to the letter I received on 12-06-06.

My name is Fred F. Fralick SS# ( -6262.I have been a member of Local Union 100 since 1968. I retired from Local 100 on Jan, 1st 2006.I have, since that time and at the present been employed by Brandt Electric in their C.A.D. dept. and in Document Control.I have not worked at the Trade or for a Mechanical Contractor since I retired.I was sent to Austin by Brandt Electric to help with Document control on the Samsung project.My phone number is 214-287-4876.Please call if you have any questions.

Fred F. Fralick

Mailing Address: P. O. Box 29559 Dallas, Texas 75229-0559
11245 Indian Trail Dallas, Texas 75229 (972)241-9411 FAX (972)484-6013
109



EXHIBIT

H

Copy of Archive_PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND_Copy of Archive



December 14, 2006

To Whom It May Concern:

Re: Freddy Fralick

Please allow this letter as confirmation that Freddy Fralick is an employee of Brandt Electric.
Freddy's work performance includes CAD and Document Control.

Should you have any questions or the need for additional information, please do not hesitate
to call.

Regards,

Sam Gioldasis
President

Mailing Address:  P. O. Box 29559  Dallas, Texas 75229-0559
11245 Indian Trail  Dallas, Texas 75229   (972)241-9411  FAX (972)484-6013
E 20109

Copy of Archive_PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND_Copy of Archive

Addendum A5

# PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

December 22, 2006

Participant Information:
Social Security #PPNPF6262
Local Union #100

Fred Fulton Fralick
▬▬▬▬▬▬▬▬
Royse City, TX 75189-5245

Dear Mr. Fralick:

On December 14, 2006, the Fund Office received correspondence from you stating that since your retirement of January 1, 2006, you have been employed with Brandt Electric in their CAD department and in Document Control. We also received correspondence confirming your employment with Brandt Electric performing work in CAD and Document Control.

Any work that has any relation to work covered by the National Pension Fund is disqualifying employment under the plan rules for retirees who have not reached normal retirement age (65). Such work would be a *violation of subsection* (b), in that such work is for any employer in a related business as a Contributing Employer since the electrical contracting company would be having these individuals perform mechanical CAD work, which is work done by Contributing Employers to the Plumbers and Pipefitters National Pension Fund, and thus work that is done by an employer in the same or related business.

According to Section 9.07(a)(i) of the *Plan Rules and Regulations:*

(i)     The monthly benefit shall be suspended for any month in which the Participant is employed in Disqualifying Employment *before he has attained Normal Retirement Age.* "Disqualifying Employment", for the period before Normal Retirement Age, is:

    (a)     *Employment with any Contributing Employer.*

    (b)     Employment with any employer in the same or related business as any Contributing Employer.

    (c)     Self-employment in the same or related business as a *Contributing Employer.*

    (d)     Employment or self-employment in any business which is under the jurisdiction of the Union.

    (e)     Employment with the Union or any Fund or program to which the Union is a party by virtue of a written document.



EXHIBIT

# PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

Fred Fulton Fralick
Re: Soc. Sec. #PPNPF6262
December 22, 2006
Page 2

Section 9.06 of the Plan rules states that to be considered "Retired", a Participant must have separated from service with any and all Contributing Employers and from any and all employment that would be considered to be Disqualifying Employing as set forth in Section 9.07.

Please be aware that since you did not separate from employment, you did not establish an Effective Date of Benefits under the Plan and thus, cannot be considered Retired, in accordance with the Plan. Therefore, we have terminated your pension effective January 1, 2007.

According to our records, you were awarded an Early Retirement Pension effective January 1, 2006, with a monthly benefit amount of $2,623.00 payable under the Single Life Pension with 5-Years Certain Payments form of payment. You have received 12 monthly payments to which you were not entitled.

Under federal law, the Fund is required to recover any amount to which a person is not entitled. Thus, you are required to reimburse the Fund Office for the monthly payments that you have received in the amount of $2,623.00 for the period January 2006 through December 2006, which totals $31,476.00. Please send us your personal check in the amount of $31,476.00 in order to reimburse the Fund for the overpayment.

Once you have ceased working and separated from employment, you may re-apply for a pension with the National Pension Fund. Enclosed is a Pension Re-Application Form. We have also enclosed a self-addressed envelope for your convenience.

You should be aware that applying for your pension is a two-step process. First, you must complete and submit a Re- Application for Benefits Form to the Fund Office. Second, following a determination of your eligibility for benefits, you will be sent forms for the Election of Benefits and your Consent to Receive Benefits, which must be completed and returned to the Fund Office.

Normally, your Effective Date of Benefits is established as the first of the month following the later of the date the Fund Office receives your completed application, or the first of the month following the month in which you cease working. If you want your benefit to begin on a later date, you should so indicate on your Re-Application Form.

You should complete and mail your Re-Application Form to the Fund Office 4 months prior to your anticipated date of retirement so as not to delay the payment of benefits once you retire.

## PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND

Fred Fulton Fralick
Re:  Soc. Sec. #PPNPF6262
December 22, 2006
Page 3


If you disagree with this determination, you have the right to request a review by the Board of Trustees within 180 days from the date of this letter.  Your written appeal should be addressed to the National Pension Fund explaining why you disagree with the Fund Office and including any new information or documents to support your position. You will be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information the Fund has that is relevant to your case.  The Board of Trustees will normally review your appeal at their next meeting provided *it is* received at least 30 days before the meeting.  You will be notified of their decision in writing.  You have the right, following an adverse determination on review, to bring civil action under Section 502(a) of ERISA.

If you have any questions, please contact the Fund Office at 1-800-638-7442.

Sincerely,

William T. Sweeney, Jr.
Administrator for the Trustees

/tnm

Enclosures:    Pension Re-Application Form (#23)
               *Return Envelope*


cc:    *Russell C. Shelton*, Business Manager, Local Union #286


bcc:   Kim M. Galbreath, Pension Payment Services Supervisor
       Tanisha N. Merritt, Pension Payment Analyst